FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

NOV 0 1 2005

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOHNNY LUNA, | ) |
| Plaintiff, | ) |
| vs. | ) CIVIL ACTION FILE |
| WAL-MART STORES, INC., | ) NO. 1-05-CV-2832 |
| Defendant. | ) **JURY TRIAL DEMANDED** |

# COMPLAINT

**COME NOWS**, JOHNNY LUNA, Plaintiff herein, and for his cause of action for damages against the above named Defendant, alleges and states as follows:

1.

Plaintiff herein is resident of the State of Georgia and at all times referenced herein resided and currently resides in Houston County, Georgia.

2.

Defendant Wal-Mart Stores, Inc. (Hereinafter "Wal-Mart") is an Arkansas Corporation qualified to conduct business in the State of Georgia whose registered agent, Corporation Process Company, 180 Cherokee Street, N.E., Marietta, Cobb County, Georgia, 30060 is subject to the jurisdiction of this Court, which lies within the Northern District of Georgia, Atlanta Division pursuant to *28 U.S.C.A. § 90 (a)(2)*

3.

This action is a civil action over which this Court has original jurisdiction under *28*

*U.S.C. § 1332*, and is one which may brought in this Court by Plaintiff pursuant to the provisions of *28 U.S.C. § 1441(b)* in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

4.

At all times material hereto, Bran D. Patterson was an employee of Defendant Wal-Mart Stores, Inc. and the actions of Bran D. Patterson are imputed to Defendant Wal-Mart Stores, Inc. under the doctrine of *Respondeat Superior*.

5.

On or about August 4, 2004, Plaintiff was shopping at Wal-Mart Store 1367 located at 2720 Watson Blvd, Warner Robins, Georgia in order to find a replacement controller for his X Box console.

6.

Defendant's employee, Bran D. Patterson had followed Plaintiff around Wal-Mart while Plaintiff was shopping and trying to find a replacement controller for his X Box console.

7.

On or about said date, Plaintiff was wrongfully detained by Wal-Mart store employee Bran D. Patterson after Plaintiff had exited Wal-Mart Store No. 1367.

8.

Plaintiff was falsely imprisoned by Wal-Mart employee Bran D. Patterson and Wal-Mart as provided by *O.C.G.A. § 51-7-20*.

9.

Plaintiff was physically prevented and restrained by Bran D. Patterson and Wal-Mart from leaving the store's premises, even though he was not shoplifting, nor had he committed any crime.

10.

Plaintif had not behaved in such a manner as to cause a man of reasonable prudence to believe that Plaintif was committing the offense of shoplifting pursuant to *O.C.G.A. § 16-8-14*.

11.

Plaintiff was an invitee on the premises of Defendant Wal-Mart for the purpose of transacting business and was made the brunt of opprobrious, insulting and abusive words by Defendant Wal-Mart and Bran D. Patterson, who was employed by Defendant Wal-Mart, to deal with the customer-invitee and said words by the afore-stated employees humiliated, mortified, and wounded the feelings of the customer, Bran D. Patterson for which a cause of action arises under Georgia law. *Oliver v. Wal-Mart Stores*, 209 Ga. App. 703 (1993); *Zayre of Atlanta, Inc. v. Sharpton*, 110 Ga. App. 587 (1964); *Lemaster v. Millers*, 33 Ga. App. 451 ; *Hazelrigs v. J. M. High Co.*, 49 Ga. App. 866; *Sims v. Miller's, Inc.*, 50 Ga. App. 640 ; *Southern Grocery Stores, Inc. v. Keys*, 70 Ga. App. 473

12.

As Plaintiff was being wrongfully detained, Bran D. Patterson and Wal-Mart committed battery upon Plaintiff by unlawfully placing their hands upon Plaintiff in an uninvited, unwanted, un-welcomed and impermissible manner for which a cause of action arises under Georgia law for battery as authorized by *O.C.G.A. § 51-1-14*.

13.

Under Georgia law, non-consensual touching which is un-welcomed and unwanted by Plaintiff constitutes battery. **_Sam's Wholesale Club v. Riley_**, 241 Ga. App. 693 (1999); **_Interstate Life v. Brewer_**, 56 Ga. App. 599 (1937); **_Brown v. Super Discount Mkts. Inc._**, 223 Ga. App. 174 (1996).

14.

As a result of the battery committed upon Plaintiff by Defendant Wal-Mart, Plaintiff was injured.

15.

As a result of the battery committed upon Plaintiff by Defendant Wal-Mart, Plaintiff sought medical treatment for his injuries.

16.

After Defendant Wal-Mart had unlawfully detained Plaintiff, it had its employee, Bran D. Patterson, issue a warrant for the Plaintiffs arrest, although it had no probable cause to do so.

17.

As a result of the warrant issued against Plaintiff by Wal-Mart, Plaintiff was arrested and transported to jail where he was imprisoned against his will.

18.

Defendant caused a criminal prosecution to be brought against Plaintiff which was malicious and without probable cause.

19.

Defendant ultimately concluded that Plaintiff had not engaged in the crime of

shoplifting and the charges against Plaintiff which had been brought against him were dismissed.

20.

Plaintiff was detained and not permitted to leave the premises of Wal-Mart Store No. 1367 for more than thirty minutes.

21.

Defendant is liable to Plaintiff for malicious prosecution pursuant to *O.C.G.A. § 51-7-40*.

22.

As a result of the conduct of Defendant Wal-Mart and its employees, for which it is vicariously liable, Plaintiff suffered mental pain and anguish.

23.

As a result of the conduct of Defendant Wal-Mart and its employees, for which it is vicariously liable, Plaintiff shall continue to suffered mental pain and anguish.

24.

The actions of Defendant Wal-Mart demonstrated willful misconduct, malice, oppression, and the entire want of care towards Plaintiff entitling Plaintiff to punitive damages pursuant to *O.C.G.A. § 51-12-5.1* .

25.

The actions of Wal-Mart were injurious to the peace, happiness and feelings of Plaintiff entitling Plaintiff to damages pursuant to *O.C.G.A. § 51-12-6*

26.

Plaintiff is entitled to recover attorney fees as a result of Defendant's conduct which

evidences bad faith in the underlying transaction and because Defendant has caused Plaintiff unnecessary trouble and expense pursuant to *O.C.G.A. § 13-6-11.*

27.

During Plaintiffs false arrest, Defendant wrongfully took possession of, retained and converted property of the Plaintiff.

28.

Plaintiff is entitled to recover damages for as a result of Defendant's conduct in wrongfully taking possession of, retaining and converting the property of the Plaintiff pursuant to *O.C.G.A. § 51-10-6.*

WHEREFORE, Plaintiff prays:

a. That process issue in accordance with law;

b. That the Court award judgment in favor of the Plaintiff against Defendant for a sum in an amount determined by the enlightened conscience of the jury for false imprisonment and false arrest as provided by *O.C.G.A. § 51-7-20*;

c. That the Court award judgment in favor of the Plaintiff and against Defendant for a sum in an amount determined by the enlightened conscience of the jury for opprobrious, insulting and abusive words by Defendant Wal-Mart to deal with the customer-invitee in that said words by the afore-stated employees humiliated, mortified, and wounded the feelings of the customer, Johnny Luna, for which a cause of action arises under Georgia law pursuant to ***Oliver v. Wal-Mart Stores***, 209 Ga. App. 703 (1993), et al;

d. That the Court award judgment in favor of the Plaintiff and against Defendant for a sum in an amount determined by the enlightened conscience of the jury for malicious prosecution pursuant to *O.C.G.A. § 51-7-40*;

e. That the Court award judgment in favor of the Plaintiff and against Defendant for a sum in an amount determined by the enlightened conscience of the jury for battery as authorized by *O.C.G.A. § 51-1-14*;

f. That the Court award judgment in favor of the Plaintiff and against Defendant for a sum in an amount determined by the enlightened conscience of the jury for injury to the peace, happiness and feelings of Plaintiff pursuant to *O.C.G.A. § 51-12-6*;

g. That the Court award judgment in favor of the Plaintiff and against Defendant for a sum in an amount determined by the enlightened conscience of the jury for punitive damages pursuant to *O.C.G.A. § 51-12-5.1*;

h. That the Court award judgment in favor of the Plaintiff and against Defendant for a sum in an amount determined by the enlightened conscience of the jury for wrongfully taking possession of, retaining and converting the property of the Plaintiff pursuant to *O.C.G.A. § 51-10-6.*

i. That the Court award judgment in favor of the Plaintiff and against Defendant for a sum in an amount determined by the enlightened conscience of the jury for past medical expenses incurred by Plaintiff;

j That the Court award judgment in favor of the Plaintiff and against Defendant for a sum in an amount determined by the enlightened conscience of the jury for mental pain and suffering sustained by Plaintiff;

k. That Plaintiff be awarded 12% pre-judgment interest;

l. That Plaintiff be awarded reasonable attorney fees;

m. That Defendant be assessed with all costs and expenses of litigation; and

n. That Plaintiff have other and further relief as is just and appropriate.

This 31st day of October, 2005.

CLAXTON & CLAXTON, LLC

_____
WILLIAM P. CLAXTON
Georgia State Bar No. 129320
Attorney for Plaintiff

180 Interstate North Parkway
Suite 115
Atlanta, Georgia 30339
(770) 933-1946
(770) 933-8455 Fax